

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00023-CR
_____

CHARLES GLENDALL MEWBOURN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29370

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Charles Glendall Mewbourn was convicted by a jury of aggravated sexual assault on a child and the jury assessed his punishment at life imprisonment.[1] Mewbourn complains on appeal that the trial court erred by allowing the child victim to testify by closed-circuit television rather than in person in the courtroom, basing his argument on the right to confront adverse witnesses as guaranteed by the Sixth Amendment to the United States Constitution. U.S. CONST. amend. VI.

The charge which Mewbourn faced was based upon his assault of a five-year-old victim, whom it was alleged contracted genital herpes from Mewbourn, the diagnosis of the disease precipitating the investigation leading to the charges. It was this victim who was allowed to testify by closed-circuit television.

Mewbourn argues that the State failed to prove with any significant degree of certainty that the child victim would suffer emotional distress from testifying. Mewbourn elects to point out that the State's witness regarding this potential emotional distress said that the child's face-to-face confrontation with Mewbourn could be helpful to the child. Thus, he argues, the statutory and constitutional requirements were not met, and the trial court could not properly allow the victim to testify by closed-circuit television.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

A trial court may order the testimony of a child younger than thirteen years of age to be taken outside the courtroom and televised by closed-circuit equipment where it can be viewed by the court and the finder of fact if the trial court determines that the child would be unavailable to testify in the presence of the defendant about an offense, including murder. TEX. CODE CRIM. PROC. ANN. art. 38.071, §§ 1(1), 3(a) (Vernon Supp. 2007); *Gaitan v. State*, 257 S.W.3d 1, 3 (Tex. App.—Fort Worth 2008), *cert. denied*, 129 S.Ct. 1050 (2009).

When determining unavailability of such a witness to be personally present in the courtroom, the trial court is to consider relevant factors. Some of the factors to be considered are the relationship of the defendant to the child, the character and duration of the alleged offense, the age, maturity, and emotional stability of the child, the time which has elapsed since the alleged offense, and whether the child is more likely than not to be unavailable to testify because of emotional or physical causes (including confrontation with the defendant), or the child would suffer undue psychological or physical harm through her involvement at the hearing or proceeding. TEX. CODE CRIM. PROC. ANN. art. 38.071, § 8(a)(1)–(2) (Vernon Supp. 2008).

Recognizing that this statute deprives a defendant of face-to-face confrontation, the trial court is required to hear evidence and make a case-specific determination: (1) that the use of the statutory procedure utilized is necessary to protect the welfare of the particular child witness who seeks to testify; (2) that the child witness would be traumatized (not by the courtroom or trial process generally but, rather, by the presence of the defendant); and (3) that the emotional distress suffered

3

by the child witness in the presence of the defendant is "more than de minimis, i.e., more than mere nervousness or excitement or some reluctance to testify." *Hightower v. State*, 822 S.W.2d 48, 51 (Tex. Crim. App. 1991); *Gonzales v. State*, 818 S.W.2d 756, 762 (Tex. Crim. App. 1991). These requisite findings are not required by the statute, but are constitutionally required. *See Maryland v. Craig*, 497 U.S. 836, 855–56 (1990); *Hightower*, 822 S.W.2d at 51. Should the trial court make these findings, then the Sixth Amendment does not prohibit the use of a procedure that, despite the absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to rigorous cross-examination. *Gonzales*, 818 S.W.2d at 762.

Further, although the findings need not be individually and explicitly made, they must—at the minimum—be implicit from the ruling of the court. *Lively v. State*, 968 S.W.2d 363, 366 (Tex. Crim. App. 1998); *see Edwards v. State*, 107 S.W.3d 107, 109–11 (Tex. App.—Texarkana 2003, pet. ref'd).

In our review, we look to see whether the trial court abused its discretion by reaching its decision to allow examination by closed-circuit television in this type of situation. *See Hightower*, 822 S.W.2d at 53; *see also* Act of July 18, 1987, 70th Leg., 2d C.S., ch. 55, § 2, 1987 Tex. Gen. Laws 180, 185 (stating preference for affording "sufficient discretion" to trial courts applying statute); *Marx v. State*, 953 S.W.2d 321, 327 (Tex. App.—Austin 1997), *aff'd*, 987 S.W.2d 577 (Tex. Crim. App. 1999).

In this case, the sole argument raised by Mewbourn focuses on the alleged lack of any significant amount of evidence (and thus did not make the required "adequate showing") that the child would suffer any emotional distress from testifying.

There was testimony elicited from Dr. Julie Davis, a professional counselor who was counseling the victim, that the victim had classic symptoms of post-traumatic stress disorder, suffered nightmares, and that the thought of seeing Mewbourn made the victim "very, very frightened and that's when she has a lot of these shakes and physical." Davis testified that it would be very traumatic for the victim to testify in Mewbourn's presence and that it could cause her to once again experience the traumatic feelings, fear, panic attacks, and anxiety. These adverse reactions, she said, would not be caused by the courtroom experience generally but, rather, by the presence of Mewbourn. Davis went on to testify that in terms of a potential for a particular deleterious effect on the child, employing a scale of 1 to 10, the victim's anxiety was about a 7.5 to 8, and that on the same scale, there was about a 70 to 80 percent chance that the victim would suffer bad effects from face-to-face testimony for "quite sometime [sic]."

The court also questioned the witness. During this, Davis testified that should the child be forced to testify in Mewbourn's presence, there was a 60 percent chance that the impact on the child would be seriously negative and about a 40 percent chance that the act of testifying could be positive. The referenced evidence was not entirely consistent. However, even the weakest sections of the testimony made it clear that there was a probability of substantial emotional distress to the victim

from face-to-face confrontation with Mewbourn at trial and that the injury would not be from the trial itself, but from exposure to the individual, her assailant. Thus, the trial court concluded that it was in the best interest of the child, as shown by the evidence, to allow examination of the child by closed-circuit television, rather than having the child testify in the courtroom, facing Mewbourn. Although there were no explicit findings announced or entered which support the actions of the trial court in permitting the closed-circuit television testimony of the child, there is ample evidence to support implicit findings. The court's ruling is within the exercise of its discretion, as it is supported by the evidence.

We affirm.


Bailey C. Moseley
Justice


Date Submitted:     September 8, 2009
Date Decided:       September 18, 2009

Do Not Publish

6